IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   20-cr-00055-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE MARTIN BIRK,

      Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT, VACATE CURRENT TRIAL AND MOTIONS DATES, AND SET TRIAL FOR JUNE 22, 2020**
_____

Lawrence Martin Birk, by and through undersigned counsel, respectfully moves this Court for an Order excluding time from the Speedy Trial Act, vacating current trial and motions dates, and setting trial for June 22, 2020.  In support of this motion, Mr. Birk states that:

**I.  PROCEDURAL BACKGROUND**

1.    The government has filed a one-count indictment against Mr. Birk alleging his failure to appear in connection with voluntarily surrendering to serve his tax evasion sentence.

2.    During an arraignment held on February 27, 2020, Mr. Birk entered a plea of not guilty.  The seventy-day speedy trial deadline is May 5, 2020.  A May 4, 2020 trial date has been set and motions are due March 13, 2020.

3. On March 5, 2020, the government advised counsel that it intended to supersede the simple failure to appear indictment with gun charges absent a quick plea to those charges. The government seeks an answer to the plea offer by March 13th absent a continued trial date. Allegedly, Mr. Birk was apprehended in Florida with a number of firearms and related items.

4. Mr. Harris has a scheduled vacation in April that burdens trial preparation for a May trial.

5. On March 5, 2020, the government produced discovery in the case. Although not voluminous, it does include videos.

6. Counsels' schedule precludes seeing Mr. Birk, relaying the offer, or advising him on a plea until *after* the current plea deadline.

## II.   STANDARD FOR CONTINUANCES

7. 18 U.S.C. § 3161(h)(8) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(B)(ii) provides that a factor for the Court to consider in granting this delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii).

8. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

### III.     Argument

9. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(8) and *West*. Accordingly, Mr. Birk requests that this Court exclude time from the Speedy Trial Act, vacate current deadlines, and continue the trial to June 22, 2020.

#### A.     This case satisfies the requirements of 18 U.S.C. § 3161(h)(8).

10. Because of counsels' schedules, the new charges that are threatened, and the receipt only today of discovery, the defense cannot prepare an adequate defense within the currently established time limits.

11. Without a continuance, undersigned counsel will not be able to adequately research pretrial legal issues and file any necessary pretrial motions

12. As a result, failure to grant a continuance would result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(8)(B)(I), and deny counsel for Mr. Birk the reasonable

time necessary for the effective preparation of this case taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(8)(B)(iv).

13.     In contrast to the harm caused by maintaining the current time limits, granting a continuance will not harm the interests of the public and the defendant in a speedy trial.  Mr. Birk is in custody and will receive credit towards his original sentence. He requests a reasonable continuance to allow him to investigate the case, assess potential motions and the plea offer, and prepare a defense.

14.     Undersigned counsel has conferred with Assistant United States Attorney Christopher Magnani concerning this motion.  The government does not oppose this continuance.  Consequently, the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial, and the Court should grant the requested continuance.

**B.     The *West* factors support a continuance of the trial date.**

15.     The *West* factors likewise support a continuance of the trial date.  First, counsel for Mr. Birk has been diligent in pursuing Mr. Birk's defense.  Counsel have received discovery and will review it timely. Counsel intend to meet with Mr. Birk as soon as practical.

16.     Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance.  Mr. Birk requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against

the allegations.  Thus, by granting the continuance, this Court will satisfy the second *West* factor.

17.     Third, the inconvenience to the opposing party, the witnesses and the Court will be minimal.  As set forth above, the government does not oppose this motion.  Moreover, because the trial date has only recently been set, last minute scheduling changes need not be made.

18.     Finally, the need for the continuance is great.  Until all of the discovery has been reviewed, the necessary investigation has been completed, and the legal issues have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.  As set forth above, Mr. Birk needs additional time to defend against the pending charges.

WHEREFORE, Mr. Birk respectfully requests that this Court issue Orders vacating the current trial date and motions deadlines, excluding time from the Speedy Trial Act, and setting trial for June 22, 2020.

                                  Respectfully submitted,

                                  VIRGINIA L. GRADY
                                  Federal Public Defender

                                  <u>s/ Edward R. Harris</u>
                                  Edward R. Harris
                                  Assistant Federal Public Defender
                                  633 17th Street, Suite 1000
                                  Denver, CO  80202
                                  Telephone:  (303) 294-7002
                                  FAX:  (303) 294-1192
                                  Edward_Harris@fd.org
                                  Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT, VACATE CURRENT TRIAL AND MOTIONS DATES, AND SET TRIAL FOR JUNE 22, 2020**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani
Department of Justice, Tax Division
Email: christopher.magnani@usdoj.gov


Elizabeth Caryl Hadden
U.S. Department of Justice-DC-601 D Street
Email: elizabeth.c.hadden@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lawrence Martin Birk        *via U.S. mail*


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant