IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 20-cr-00055-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE MARTIN BIRK,

    Defendant.

**ORDER RE: DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT, VACATE CURRENT TRIAL AND MOTIONS DATES, AND SET TRIAL FOR JUNE 22, 2020**

Blackburn, J.

The matter before me is **Defendant's Unopposed Motion To Exclude Time From the Speedy Trial Act, Vacate Current Trial and Motions Dates, and Set Trial for June 22, 2020** [#17],[1] filed March 6, 2020. The defendant, Lawrence Martin Birk, requests that additional time be excluded from the time for a speedy trial and, concomitantly, that all presumptive deadlines be vacated, and that the trial now set for May 4, 2020, be vacated and continued to June 22, 2020. I grant the motion.

In determining a motion, which, if granted, would per force constrain the continuance of a trial within the presumptive seventy-day limit, the Tenth Circuit has established the following quadripartite factors:

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] (4) the need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).  The fourth and final factor is "by far the most important." *Id.* at 1476.  I have considered carefully each of these factors and treated the fourth factor as preponderant.  I conclude that on balance they weigh in favor of a vacatur and continuance of the trial that is set to commence May 4, 2020.

The motion implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 (the "Act").  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal

2

proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  **See** 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the seventy-day limit.  **See** 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  **Id.** at 441.  First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case

3

>    which, taken as a whole, is not so unusual or so complex as
>    to fall within clause (ii), would deny the defendant reasonable
>    time to obtain counsel, would unreasonably deny the
>    defendant or the Government continuity of counsel, or would
>    deny counsel for the defendant or the attorney for the
>    Government the reasonable time necessary for effective
>    preparation, taking into account the exercise of due
>    diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

The motion is represented to be unopposed by the government.[2]  Thus, the foundational and predicate facts averred in the motion are deemed established, and I need not reiterate them here.  Although the motion is ostensibly unopposed, I am not relieved of the responsibility of independently determining the factual and legal propriety of the motion and the concomitant relief requested. Here, the motion describes in reasonable detail the various factors and circumstances necessitating the exclusion of the time requested in this case, including the necessity to adequately investigate the case, research any legal issues, file any necessary pretrial motions, and properly advise and defend Mr. Birk.  I adopt and incorporate those facts and circumstances as my findings of fact.

The seventy-day speedy trial clock commenced to run with the first appearance of Mr. Birk on February 24, 2020.  However, the instant motion was filed on March 6,

---

[2]  I may and do rely on the representations of defense counsel as an officer of the court, subject to any motion for reconsideration based on any credible representation by the government to the contrary.

2020, using 11 days and leaving 59 days of the initial 70 days. The time from the filing of the motion through the date of this order is automatically excluded under § 3161(h)(1)(d). Thus, trial must commence within 59 days of March 23 – or by May 21, 2020. To facilitate the commencement of trial on June 22, 2020, Mr. Birk tacitly requests the exclusion of time between May 21 and June 22, 2020 – or an additional period of 32 days which is not unreasonable per se.

As always, I rely on the considerable professional experience and judgment of counsel. Additionally, I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Loughrin*, 2013 WL 856577 (10th Cir. 2013); *United States v. Watson*, 766 F.3d 1219 (10th Cir. 2014); *United States v. Margheim*, 2014 WL 5462332 (10th Cir. 2014); *Bloate v. United States*, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and *United States v. Tinklenberg*, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find it would be unreasonable to expect adequate preparation by counsel for Mr. Birk, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1)  That failure to grant a continuance of trial beyond the time prescribed by 18

U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That the factors at § 3161(h)(7)(B)(ii) and (iii) are inapposite, obviating the necessity for further judicial analysis;

(3) That even considering due diligence, failure to grant the motion would deny counsel for Mr. Birk the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4) That within the meaning of 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the motion outweighs the best interests of the public and Mr. Birk in a speedy trial as defined by 18 U.S.C. § 3161(c)(1);

(5) That the time from and including March 23, 2020, through and including June 22, 2020, should be excluded from the computation of the time for speedy trial; and

(6) That by separate order the court will set all relevant pretrial deadlines and schedule a trial preparation conference.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Unopposed Motion To Exclude Time From the Speedy Trial Act, Vacate Current Trial and Motions Dates, and Set Trial for June 22, 2020** [#17], filed March 6, 2020, is granted;

2. That initially, the time from and including March 23, 2020, through and including June 22, 2020, shall be excluded from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174;

3. That the deadlines for filing non-CJA pretrial motions and responses are vacated and continued pending further order;

6

4.  That the trial preparation conference set April 30, 2020, is vacated and continued pending further order;

5.  That the trial set to commence May 4, 2020, is vacated and continued to June 22, 2020; the court reserves three (3) days for trial; and

6.  That by separate order, the court shall set deadlines for filing non-CJA pretrial motions and corresponding responses and a trial preparation conference.

Dated March 23, 2020, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge