IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   20-cr-00055-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE MARTIN BIRK ,

      Defendant.
_____

## UNOPPOSED MOTION TO CONDUCT CHANGE OF PLEA HEARING VIA TELEPHONE OR VIDEO CONFERENCE
_____

Defendant, Lawrence Martin Birk, by and through counsel, Edward R. Harris, Assistant Federal Public Defender, hereby moves to proceed with his Change of Plea Hearing via telephone or video conference.  The government does not oppose this request.  In support, Mr. Birk states that:

1.      Mr. Birk filed a Notice of Disposition on April 10, 2020. He waits the scheduling of a Change of Plea Hearing.

2.      On March 27, 2020, the Chief Judge of the District of Colorado issued General Order 2020-3, which directs judicial officers to endeavor to reschedule in-court hearings in civil and criminal cases through May 1, 2020 to the extent practicable.[1] However, Mr. Birk moves this Court to hold his Change of Plea Hearing via video or telephone conference pursuant to Section 15002(b) of the CARES Act and General Order

_____

[1] *See* General Order 2020-3: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 (D. Colo. March 27, 2020) (Brimmer, C.J.).

2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS.

3.      Section 15002(b)(2) of the CARES Act allows a court to conduct a felony plea hearing pursuant to Federal Rule of Criminal Procedure 11 by video conference, or telephone conference if video conferencing is not reasonable available, so long as the defendant consents and three criteria are met:

1) The Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States;

2) the chief judge of a district court […] specifically finds […] that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure […] cannot be conducted in person without seriously jeopardizing public health and safety; and

3) the district judge in a particular case finds for specific reasons that the plea […] in that case cannot be further delayed without serious harm to the interests of justice, the plea […] in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.[2]

The first two criteria have been met.

4.      First, on March 29, 2020, the Judicial Conference, pursuant to Section 15002(b) of the CARES Act, made a finding that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally ...". [3]   Under the CARES Act, this finding allows chief district judges, under certain circumstances and with the consent of

---

[2] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).

[3] "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic", United States Courts, March 31, 2020, https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery (last accessed on April 6, 2020).

2

the defendant, to temporarily authorize the use of video or telephone conferencing for certain criminal proceedings during the COVID-19 national emergency.[4]

5.      Second, on April 6, 2020, the Chief Judge of the District of Colorado issued General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS, which "specifically finds […] that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure […] cannot be conducted in person without seriously jeopardizing public health and safety".[5]

6.      Third, in this case, there are "specific reasons that the plea […] cannot be further delayed without serious harm to the interests of justice."  Mr. Birk is being incarcerated in the Federal Detention Center.  He is in his sixties and has various health issues which put him at higher risk for COVID-19 complications.  He does not want to prolong his pretrial incarceration in a facility where he is unlikely to be properly quarantined, tested, or treated for a disease that is rapidly spreading and killing people throughout the country.  If his plea is accepted and he is able to move toward sentencing, he will be closer to transfer to a federal prison, where there are at least precautionary measures in place to stop the spread of COVID-19.  The interests of justice demand that Mr. Birk is not unnecessarily exposed to the risks posed by the conditions in the Englewood Federal Detention Center.

7.      Additionally, General Order 2020-4 finds that felony plea hearings "may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available."[6]   The District of Colorado has already established a

---

[4] *Id.*
[5] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).
[6] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL

procedure for conducting other types of hearings through telephone or video conference so Mr. Birk's Change of Plea hearing can be conducted in the same way.

8.      Finally, with Mr. Birk's voluntary consent, this Court possesses the authority to conduct his sentencing hearing without his physical presence in the courtroom.[7] Undersigned counsel has discussed this matter with Birk and he has consented to voluntarily waive his right to be physically present at his Change of Plea Hearing, opting instead to appear by telephone or videoconference.  Accordingly, the defense respectfully asks this Court to issue an order authorizing Mr. Birk to attend the Change of Plea Hearing by video or teleconference.

WHEREFORE, Mr. Birk respectfully requests to proceed with his Change of Plea Hearing via telephone or video conference.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Edward R. Harris
EDWARD R. HARRIS
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

---

PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).  *See also* CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).
[7] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(4).

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I electronically filed the foregoing

## UNOPPOSED MOTION TO CONDUCT CHANGE OF PLEA HEARING
## VIA TELEPHONE OR VIDEO CONFERENCE

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani
Department of Justice, Tax Division
Email: christopher.magnani@usdoj.gov


Elizabeth Caryl Hadden
U.S. Department of Justice-DC-601 D Street
Email: elizabeth.c.hadden@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lawrence Martin Birk        *via U.S. mail*


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant