IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-55-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE MARTIN BIRK

    Defendant.

## PLEA AGREEMENT

The United States of America ("the government"), by and through Christopher Magnani and Elizabeth Hadden, Trial Attorneys for the U.S. Department of Justice, Tax Division, and the defendant, Lawrence Martin Birk, personally and by counsel, Edward Harris and Jennifer Beck, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1, and Fed. R. Crim. P. 11(c)(1)(A) and (B).

### I. AGREEMENT

A. The defendant agrees to plead guilty to Count 1 of the Indictment, charging him with failure to appear in violation of 18 U.S.C. §§ 3146(a)(2) and 3146(b)(1)(A)(ii).

B. The defendant agrees to plead guilty to Count 1 of the Information, appended to this agreement, charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

C. The government agrees not to prosecute defendant for any additional criminal charges based on conduct now known to the government, related to the criminal

1

Court's Exhibit

1

investigation that resulted in the defendant's guilty pleas.

D. Should the defendant breach this Plea Agreement at any time, or if the guilty plea entered pursuant to this Plea Agreement is set aside for any reason, the government will be free to initiate or prosecute any additional criminal charges against the defendant.

E. The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; or (2) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

F. The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing Guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offenses to which this plea is being tendered are as follows:

A. For failure to appear: (1) the defendant was convicted of tax evasion, in violation of 26 U.S.C. § 7201, in this court; (2) the defendant had been released on his own recognizance by the Honorable Robert E. Blackburn on condition that he defendant surrender for service of sentence; (3) the defendant thereafter willfully failed to surrender for service of sentence as required.

B. For felon in possession of a firearm: (1) the defendant knowingly possessed a firearm; (2) the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; (3) the defendant knew that he had been convicted of a felony before he possessed the firearm; and (4) before the defendant possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. §§ 3146(a)(2) and 3146(b)(1)(A)(ii) is: not more than five years' imprisonment; not more than $250,000 fine, or both; not more than three years' supervised release; and a mandatory $100 special assessment fee.

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is: not more than ten years' imprisonment; not more than $250,000 fine, or both; not more than three years' supervised release; and a mandatory $100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

A. The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory Guidelines range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the Plea Agreement.

B. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's Guidelines computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

4

C. The parties agree that the date on which relevant conduct began is on or around July 25, 2019, when the defendant was found guilty of tax evasion and released on his recognizance subject to the special condition that he inventory and surrender his firearms. The parties further agree as follows:

1. On or about July 26, Defendant inventoried and surrendered the following seven firearms to the Park County Sheriff's Office:

    a. One Marlin M336 30-30 rifle, SN: #72001899;

    b. One Winchester M12 20 gauge shotgun, SN: #562707;

    c. One Marlin .22 rifle, SN: #35298302;

    d. One Ruger Security-Six .357 revolver, SN: #151-18209;

    e. One Carcano M38 6.5mm rifle, SN: #F188;

    f. One Mauser K98 8mm rifle, SN: #9570; and

    g. One Custom 7mm Mag rifle, SN: unknown.

2. On or about October 30, 2019, Judge Blackburn sentenced Defendant to imprisonment for a term of 60 months. Judge Blackburn further ordered that Defendant must voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days of such designation. Defendant was present at his sentencing, and understood that he was sentenced to a term of more than one year.

3. On or about November 8, 2019, Judge Blackburn ordered Defendant to surrender and report to the Warden at FCI Florence Satellite Prison Camp on November 21, 2019, by 12:00 p.m. (noon) Mountain Standard Time.

5

4. On or about November 8, 2019, Defendant's Probation Officer called Defendant and left him a voicemail, informing Defendant of Judge Blackburn's surrender order. Defendant's Probation Officer also sent Defendant a letter informing him of the surrender order.

5. On or about November 19, 2019, Defendant left the state of Colorado with his wife and the following items:

   a. One Rock Island Armory SGW XM15 .223 caliber rifle, modified to fully automatic, SN: 7174;

   b. One Browning High Power 9mm pistol, SN: 72C39796;

   c. One Taurus PT145 .45 caliber pistol, SN: NCW43008;

   d. Approximately nine 30-round magazines, loaded with .223 caliber ammunition;

   e. Approximately 749 additional rounds of .223 caliber ammunition;

   f. Approximately three magazines, loaded with 9mm ammunition;

   g. Approximately 179 additional rounds of 9mm ammunition;

   h. Approximately two magazines, loaded with .45 caliber ammunition;

   i. Approximately 38 additional rounds of .45 caliber ammunition;

   j. Two pistol holsters;

   k. Two pistol magazine carriers;

   l. Two ballistic vests;

   m. Two ballistic helmets; and

   n. Two gas masks.

6. On November 21, 2019, Defendant did not surrender to FCI Florence Satellite Prison Camp as ordered.

7. Defendant traveled throughout the United States between on or about November 19, 2019 and January 30, 2020, when he was arrested in Florida.

## VI. ADVISORY GUIDELINES COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory Guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory Guidelines range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the Guidelines computations, the recitation below identifies the matters which are in dispute.

A. The base offense level is 20, per USSG § 2K2.1(a)(4)(B).

B. A two-level enhancement is required because Defendant possessed between three and seven firearms, per USSG § 2K2.1(b)(1)(A).

C. A four-level enhancement is required because Defendant possessed the firearms in connection with his failure to appear, per USSG § 2K2.1(b)(6)(B).

D. The adjusted offense level is 26.

E. The Sentencing Guidelines calculation for failure to appear does not impact the adjusted offense level for felon of possession of a firearm.

F. The parties agree that defendant is entitled to a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). The government has agreed to move for a one-level reduction for timely notification of intent to plead guilty under USSG § 3E1.1(b), provided defendant acts in accordance with this Plea Agreement.

G. The resulting total offense level is 23.

H. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant will be in Criminal History Category III.

I. Based on the assumption that defendant is in Criminal History Category III, the advisory Guidelines range would be 57-71 months. The Guidelines range exceeds the statutory maximum applicable to the failure to appear count but does not exceed the statutory maximum applicable to the felon in possession of a firearm count.

J. Pursuant to Guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

K. Pursuant to Guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than three years on each count.

8

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the Guidelines range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the Guidelines range precludes either party from asking the Court, within the overall context of the Guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the Guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory Guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory Guidelines (in length or form), within the advisory Guidelines range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 4/27/20

_____
Lawrence Martin Birk
Defendant

Date: _____

Edward Harris  _Digitally signed by Edward Harris Date: 2020.04.29 11:24:29 -06'00'_
_____
Edward R. Harris
Attorney for Defendant

Date: _____

_____
Christopher Magnani
Attorney for the United States

10

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 4/27/20

_____
Lawrence Martin Birk
Defendant

Date: _____

Edward Harris  *Digitally signed by Edward Harris Date: 2020.04.29 11:24:29 -06'00'*
_____
Edward R. Harris
Attorney for Defendant

Date: 4/29/2020

_____
Christopher Magnani
Attorney for the United States