**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-CR-55-REB

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**LAWRENCE MARTIN BIRK**,

        Defendant.

**UNITED STATES' OBJECTION TO THE
DRAFT PRESENTENCE INVESTIGATION REPORT ("PSR") [ECF #36]**

The United States respectfully objects to the PSR for failing to apply the four-level enhancement for possessing a firearm in connection with another felony.

Section 2K2.1(b)(6)(B) of the Guidelines applies an enhancement to defendants that "used or possessed any firearm or ammunition in connection with another felony offense." Application Note 14(A) explains that the enhancement applies "if the firearm or ammunition facilitate, or had the potential of facilitating, another felony offense." The Tenth Circuit and other courts of appeal have recognized that the possession of a firearm can facilitate a felony offense by "emboldening" the possessor. *See, e.g.*, *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012) (collecting cases). The PSR, at paragraph 29, acknowledges the emboldening doctrine but ultimately declines to apply the enhancement, concluding that "[a]lthough the parties agreed in their Plea Agreement that this increase applies, the probation officer fails to see how the firearms emboldened the offense of failure to surrender to the BOP." ECF #36 at p. 7.

The Tenth Circuit liberally construes the emboldening doctrine. In *Justice*, a resident called the police to report an unfamiliar truck parked in the resident's driveway with the engine running. 679 F.3d at 1253. The police responded and found the defendant asleep in the driver's seat with a pistol beside his leg and a rifle in the front passenger seat. *Id.* Incident to arrest, the police recovered a small bag of methamphetamine in his pants pocket. *Id.* Defendant pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and, on appeal, challenged the application of the enhancement. *Id.* at 1252. The Tenth Circuit affirmed the application of the enhancement, holding "that the evidence sufficed to show that a firearm facilitated Defendant's possession of drugs by emboldening him; and that the court's failure to make a specific facilitation finding was not plain error." *Id.* at 1252-53.

In *Justice*, the enhancement was sustained by the district court's findings that "defendant possessed a firearm in connection with possession of methamphetamine. And the gun was in such close proximity to the methamphetamine that the enhancement is warranted." *Id.* at 1253 (quoting the record). Even on the limited record in *Justice*, the Tenth Circuit found that, based on the mere proximity of the loaded weapons and defendant's presence in public, "[a] reasonable person could find that the firearms gave him a sense of security emboldening him to venture from his home with drugs that someone might wish to take from him by force." *Id.* at 1255. And the Court went on to cite cases with similar holdings on similarly limited factual records.

The facts in the instant case support findings that are far more robust. In this case, Defendant was a fugitive from justice when he was arrested over 1,500 miles from his home in possession of a small arsenal. His arrest followed a campaign of defying

the federal government for decades and capped off with his preparation for an armed standoff with federal agents.  Were there any doubt that Defendant's possession of a fully automatic assault rifle with over 1,000 rounds of ammunition emboldened his failure to surrender, it is resolved by his added possession of ballistic vests, ballistic helmets, and gas masks.  The Court should apply the four-level enhancement.[1]

**DATED** this 17th day of August, 2020.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

By: */s/ Christopher Magnani*
CHRISTOPHER MAGNANI
ELIZABETH HADDEN
Trial Attorneys, Tax Division
United States Department of Justice
150 M Street NE
Washington, DC 20002
Tel: (202) 307-6408
Fax: (202) 514-9623
Email: Christopher.Magnani@usdoj.gov

Attorneys for the United States

---

[1] The United States is unaware of precedent that applied the emboldening doctrine to the felony of failure to surrender, but notes that 18 U.S.C. § 3146 is a continuing offense.  See *United States v.* Martinez, 890 F.2d 1088, 1091 (10th Cir. 1989).  That is, Defendant's failure to surrender was ongoing until his arrest.

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 17, 2020 I electronically filed the foregoing with the clerk of court by using the CM/ECF system which will send a notice of electronic filing to the attorneys of record.  I also emailed a copy of this filing to Assistant Public Defenders Edward Harris and Jennifer Beck, counsel for the Defendant.

              */s/ Christopher Magnani*
              Christopher Magnani
              Trial Attorney, Tax Division
              United States Department of Justice
              150 M Street NE
              Washington, DC 20002
              Tel: (202) 307-6408
              Fax: (202) 514-9623
              Email: Christopher.Magnani@usdoj.gov